# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**JAIME NIETO-RAMIREZ ET AL**
    **Plaintiffs**

                                      **Civil No. 97-2137 (HL/ADC)**

    **v.**

**CHRYSLER CORPORATION ET AL**
    **Defendants**

---

## OPINION AND ORDER

Before the Court is plaintiffs' Motion to Certify for Interlocutory Appeal and defendants' response thereto (**Docket Nos. 81 and 83**). Plaintiffs move the Court, pursuant to 28 U.S.C. § 1292(b), for Certification of an Interlocutory Appeal of an order entered in this case on September 27, 2000 (**Docket No. 80**). Plaintiffs' motion states that the order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation" (**Docket No. 81**). Defendants respond that they do not oppose the certification request so long as the plaintiffs are precluded from notifying a new expert witness should the Court of Appeals affirm the Opinion and Order at issue (**Docket No. 83**).

## I.    PROCEDURAL BACKGROUND

The September 27, 2000 Opinion and Order considered and ruled upon several motions: defendants' motion *in limine* regarding spoilage of evidence (**Docket No. 39**) which the court denied; defendants' "Motion Requesting Order for Spoliation Evidence" (**Docket No. 45**) which the court denied; plaintiffs' cross motion *in limine* regarding

AO 72A
(Rev.8/82)

defendants' expert witness (**Docket No. 51**) which the court also denied; and defendants'

motion *in limine* (**Docket No. 66**) which the court granted. More particularly, the Court

denied defendants' motion for spoliation of evidence (a Jeep Cherokee at issue in this

case) and denied as moot the motion requesting an order for spoliation of evidence.

Additionally, the court denied plaintiffs' motion to exclude Mr. Mark Noble as an

expert witness for defendants, finding Mr. Noble's opinions rested upon reliable factual

and methodological foundation. Finally, the court granted defendants' motion to

exclude Dr. Miguel Torres, plaintiffs' expert witness, finding that Dr. Torres was not

qualified to testify as an expert in fire accident reconstruction and that the methodology

he followed was not reliable. This Opinion and Order is the one which plaintiffs seek

to have certified for interlocutory appeal.

## II.    ANALYSIS

Title 28 U.S.C. § 1292(b) provides in pertinent part that

> When a district judge, in making in a civil action an order not
> otherwise appealable . . . shall be of the opinion that such
> order involves a controlling question of law as to which there
> is substantial ground for difference of opinion and that an
> immediate appeal from the order may materially advance the
> ultimate termination of the litigation, he shall so state in
> writing in such order. The Court of Appeals . . . may
> thereupon, in its discretion, permit an appeal to be taken. . . .

28 U.S.C. § 1292(b).

Hence, the statute sets forth three conditions for certification of an interlocutory

appeal. The order appealed must involve (1) "a controlling question of law," (2) "as to

which there is substantial ground for difference of opinion" and (3) whose immediate

determination "may materially advance the ultimate termination of the litigation." 28

U.S.C. § 1292(b). However, "[o]nly rare cases will qualify for the statutory anodyne;

indeed, it is apodictic in this circuit that interlocutory certification of this sort 'should

be used sparingly and only in exceptional circumstances, and where the proposed

intermediate appeal presents one or more difficult and pivotal questions of law not

settled by controlling authority.'" *In re San Juan Dupont Plaza Hotel Fire Litigation*, 859

F.2d 1007, 1010 n. 1 (1st Cir. 1988) *quoting McGillicuddy v. Clements*, 746 F.2d 76, 76 n.

1 (1st Cir.1984); *see also In re Heddendorf*, 263 F.2d 887, 888-89 (1st Cir. 1959); *Bank of*

*New York v. Hoyt*, 108 F.R.D. 184, 188-90 (D.R.I. 1985). Indeed, the First Circuit believes

that the instances where section 1292(b) may appropriately be utilized will, realistically,

be few and far between. *In re San Juan Dupont Plaza Hotel Fire Litigation*, 859 F.2d at

1010 n. 1. The guidance given by the First Circuit is consistent with the general judicial

policy against piecemeal appeals. *In re Heddendorf*, 263 F.2d 887, 889 (1st Cir. 1959).

     The opinion and order that plaintiffs seek to appeal contains rulings on several

issues. Plaintiffs do not specifically advise the Court which issue or issues they seek to

appeal. However, it is presumed that plaintiffs wish to appeal that portion of the order

that bars their expert witness, Dr. Dr. Miguel Torres, from testifying. Having said that,

plaintiffs ask the Court to grant them permission to appeal under 28 U.S.C. § 1292(b) but

do not provide any argument to support their motion. (*See: Boese v. Paramount Pictures*

*Corp.*, 952 F.Supp. 550, 560 (N.D.Ill. 1996), citing *Fison Limited v. United States*, 458 F.2d

1241 (7th Cir.), *cert. denied*, 405 U.S. 1041 (1972 ) (the party seeking interlocutory appeal

Civil No. 97-2137(HL/ADC)                                                    Page No. 4

review has the burden of persuading the court that exceptional circumstances do exist

to justify a departure from the basic policy of postponing appellate review until after the

entry of a final judgment)). Indeed, they have failed to justify any of the elements set

forth in 28 U.S.C. § 1292(b).

Furthermore, the undersigned notes that it is clear that there is no substantial

ground for difference of opinion as to the controlling law.  The United States Supreme

Court has set forth the standard for expert witness qualification, most recently in *Kumho*

*Tire Co. v. Carmichael*, 526 U.S. 137 (1999) and *Daubert v. Merrell Dow Pharm., Inc.*, 509

U.S. 579 (1993).  The difference of opinion appears to be between plaintiffs and the

undersigned's application of the law to the particular facts of this case with regard to

exclusion of plaintiffs' expert witness.  A difference of opinion, however, is insufficient

to certifying the issue of exclusion of plaintiffs' expert for interlocutory review.  Further,

as previously noted, plaintiffs make no mention of  how an immediate appeal will

advance the ultimate termination of the litigation.

III.    **CONCLUSION**

For the reasons stated above, this Magistrate-Judge **DENIES** plaintiffs' Motion to

Certify for Interlocutory Appeal (**Docket No.** [81]).

At San Juan, Puerto Rico, on this 14th day of November, 2000.

**AIDA M. DELGADO-COLON**
**U.S. Magistrate-Judge**